**XIONG WU YANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–4429–ag.**

United States Court of Appeals, Second Circuit.

March 21, 2008.

Gary J. Yerman, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Richard M. Evans, Assistant Director; Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

## SUMMARY ORDER

Petitioner Xiong Wu Yang, a native and citizen of China, seeks review of the September 27, 2007 order of the BIA denying his motion to reopen. *In re Xiong Wu Yang*, No. A78 299 012 (B.I.A. Sept. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005)(per curiam)(internal quotation marks omitted).

The BIA's regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). Here, there is no dispute that Yang's October 2006 motion was untimely where the BIA issued its decision in March 2004. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii).

Contrary to Yang's argument, the BIA did not abuse its discretion in finding that he failed to establish changed circumstances in China, particularly as the BIA assumed, *arguendo*, that conditions had changed in order to consider the underlying merits of Yang's claim that he was *prima facie* eligible for relief from removal. Additionally, unlike the situation in *Zhi Yun Gao v. Mukasey*, 508 F.3d 86 (2d Cir.2007), in which we remanded because "the BIA's decision d[id] not indicate that the BIA paid any attention to the documents at all," *id.* at 88, the BIA here explicitly considered all of Yang's evidence and found that reopening was not appropriate.

The BIA did not abuse its discretion in determining that Yang failed to establish *prima facie* eligibility for relief. *See Kaur*, 413 F.3d at 233–34. First, the BIA properly found that the country conditions evidence in the record did not establish that Chinese citizens with foreign-born children returning to Fujian province have been subject to forced sterilization or other harm rising to the level of persecution. *See In re J–W–S–*, 24 I. & N. Dec. 185, 189 (B.I.A.2007). *See also In re C–C–*, 23 I. & N. Dec. 899, 901 (B.I.A.2006).

The BIA also reasonably declined to credit the "Notice," allegedly from local family planning officials in Yang's hometown, informing him that he would face sterilization for violating the policy. Indeed, we have held that the BIA does not abuse its discretion where, as here, it relies on an IJ's adverse credibility finding to reject the authenticity of an alien's documentary evidence submitted in support of a motion to reopen. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007). Additionally, the BIA did not have to credit Yang's affidavit for these purposes because the affidavit detailed the forced abortions and sterilizations of individuals in his hometown who, unlike Yang, had children who were born in China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (stating that an applicant's well-founded fear claim based on U.S.—born children was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China).

Finally, we note that Yang has waived before this Court any challenge to the agency's determination that he was not eligible to file a successive asylum application. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.