**RONG FANG LI, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, U.S. Attorney General Michael B. Mukasey,[1] Respondents.**

No. 07–3088–ag.

United States Court of Appeals, Second Circuit.

June 6, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

David A. Bredin, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Kathleen J. Kelly, Attorney, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Rong Fang Li, a native and citizen of the People's Republic of China, seeks review of a June 29, 2007 order of the BIA affirming the January 4, 2006 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Fang Li,* No. A 99 083 363 (B.I.A. June 29, 2007), *aff'g* No. A 99 083 363 (Immig.Ct.N.Y.City, Jan. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" encompass the same issues traditionally re-

viewed by courts in habeas petitions challenging Executive detentions. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 326–27 (2d Cir.2006). Li asserts that she should not have been subjected to the one year bar because the intensification of the Chinese family planning policy in recent years "amounts to an ongoing case of changed country conditions" and "the threat is an ongoing policy." However, this argument fails to identify any error in the IJ's decision. As such, we construe Li's assertions as a challenge only to "the correctness of the [IJ's] factual findings" with respect to whether she established extraordinary circumstances excusing the delay in filing her asylum application. *Xiao Ji Chen,* 471 F.3d at 329. Accordingly, as the Government correctly asserts, we are without jurisdiction to review Li's challenge to the agency's pretermission of her asylum claim and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(a)(2)(D).

■ We also find that the denial of withholding of removal was proper. The IJ acknowledged that village committee officials forced Li to attend a pregnancy check up, detained her at the village committee office for an afternoon, compelled her to review family planning pamphlets, criticized her, and fined her 500 yuan. The IJ accurately noted, however, that Li was never subjected to an abortion or sterilization procedure, or compelled to wear an intrauterine device. Further, the IJ appropriately noted that, although Li submitted a letter from her mother in support of her claim, her mother made no reference to Li's arrest by the village committee in March 1998. Under these circumstances, the IJ reasonably found that Li failed to demonstrate past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment").

Because Li failed to establish that she had been subjected to past persecution, she was not entitled to a presumption that she would likely be subjected to future persecution in China. *See* 8 C.F.R. § 1208.16(b)(1). In that regard, the record supports the agency's finding that Li did not demonstrate a clear probability of persecution. In contrast to this Court's decision in *Shou Yung Guo v. Gonzales,* there is no indication that the IJ or BIA failed to consider the documents Li submitted in support of her motion to reopen. 463 F.3d 109, 115 (2d Cir.2006). Indeed, the agency was not required to address specifically each of Li's documents when the record does not "compellingly suggest" that it did not "take into account all of the evidence before [it]." *Xiao Ji Chen,* 471 F.3d at 337, n. 17. *But see Zhi Yun Gao v. Mukasey,* 508 F.3d 86, 88 (2d Cir.2007) (remanding where the BIA's decision did not indicate that it paid any attention to documents "quite similar" to the *Shou Yung Guo* documents). In any event, it is clear that the IJ and BIA considered and rejected Li's evidence.

■ Taken as a whole, the agency's denial of Li's application for withholding of removal was not in error. Because Li was unable to show the objective likelihood of a threat to her life or freedom needed to make out a claim for withholding of removal, she was necessarily unable to succeed on her claim for relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).