Yang v. Holder

BIA
Nelson, IJ
A 072 780 392

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of June, two thousand ten.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges*.

_____

FENG FU YANG,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR.,* UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

08-1480-ag
NAC

_____

FOR PETITIONER: Waisim M. Cheung, Tsoi and Associates, New York, New York.

FOR RESPONDENT: Michael F. Hertz, Acting Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director;

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**Jesse M. Bless, Trial Attorney,  
Office of Immigration Litigation,  
United States Department of Justice,  
Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Feng Fu Yang, a native and citizen of the People's Republic of China, seeks review of a March 6, 2008 order of the BIA affirming Immigration Judge ("IJ") Barbara A. Nelson's September 22, 2005 denial of his motion to reopen. *In re Feng Fu Yang,* No. A 072 780 392 (BIA Mar. 6, 2008), *aff'g* No. A 072 780 392 (Immig. Ct. N.Y. City Sept. 22, 2005). We review the agency's denial of Yang's motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). In doing so, we assume the parties' familiarity with the underlying facts and procedural history, which we reference only to explain our decision to deny the petition for review.

Because Yang's motion to reopen was filed nine years after the IJ's May 28, 1996 final order granting him

2

voluntary departure -- well after the applicable ninety-day time limit -- it was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). To the extent Yang relies on an exception to this time limit for motions to reopen based on material and previously unavailable evidence of changed country conditions, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), we have previously reviewed the agency's consideration of evidence similar to that submitted by Yang and identified no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or an alien's *prima facie* eligibility for relief, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274-75 (2d Cir. 2006).

Further, contrary to Yang's argument, "the BIA need not expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336-37 n.17 (2d Cir. 2006) ("[T]he IJ need not engage in 'robotic incantations' to make

3

clear that [s]he has considered and rejected a petitioner's proffered explanation."). "This is particularly true for evidence, such as the oft-cited Aird affidavit, which the BIA is asked to consider time and again." *Wei Guang Wang v. BIA*, 437 F.3d at 275. Accordingly, the BIA did not abuse its discretion in concluding that Yang's motion was untimely.

Nor did the BIA abuse its discretion in denying Yang's motion to reopen to apply for adjustment of status, because adjustment of status is not an exception to the applicable time limitation on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board and will ordinarily be denied"). Finally, to the extent Yang asserts that his motion warranted a favorable exercise of the BIA's discretion to reopen proceedings *sua sponte*, we lack jurisdiction to review such a discretionary decision. *See Ali v. Gonzales*, 448 F.3d at 518.

4

    For the foregoing reasons, the petition for review is
DENIED.  As we have completed our review, any pending motion
for a stay of removal in this petition is DISMISSED as moot.
Any pending request for oral argument in this petition is
DENIED in accordance with Federal Rule of Appellate
Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk