10-2942-ag
Johannes v. Holder

BIA
Ferris, IJ
A095 838 216
A095 838 217

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of June, two thousand eleven.

PRESENT:
        RALPH K. WINTER,
        JOSEPH M. McLAUGHLIN,
        ROBERT A. KATZMANN,
            *Circuit Judges.*
_____

TJHIA JOHANNES, ELSYE A.J. YULIANSYE LOLOWANG,
        *Petitioners,*

        v.                                    10-2942-ag
                                              NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:        H. Raymond Fasano, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Michelle G. Latour,

**Assistant Director; Nairi S. Gruzenski, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Tjhia Johannes and Elsye A.J. Yuliansye Lolowang, natives and citizens of Indonesia, seek review of a June 21, 2010, order of the BIA affirming the August 4, 2008, decision of Immigration Judge ("IJ") Noel Anne Ferris, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tjhia Johannes, Elsye A.J. Yuliansye Lolowang* Nos. A095 838 216/217 (B.I.A. June 21, 2010), *aff'g* Nos. A095 838 216/217 (Immigr. Ct. N.Y. City Aug. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA does not adopt the IJ's opinion but its decision comment favorably on the IJ's reasoning, we review "both the IJ's and the BIA's opinions 'for the sake of completeness.'" *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d

Cir. 2008) (per curiam) (quoting Wangchuck v. Dep't of Homeland Sec., 448 F.3d 524, 528 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Petitioners do not challenge the BIA's ruling as to past persecution or the BIA's denial of CAT relief, we address only the agency's determination that Petitioners failed to demonstrate a well-founded fear of future persecution. *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Petitioners' challenge to the well-founded fear determination is meritless.

The agency examined the evidence Petitioners submitted and reasonably found that they failed to demonstrate a pattern or practice of persecution against Christians or ethnic Chinese in Indonesia. *See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2); *see also Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). As the BIA found, the State Department's 2007 International Religious Freedom Report on Indonesia reported that the Indonesian government successfully tried and convicted 27 suspects of terrorism, who were involved in violence against members of other religious groups. The

3

agency also reasonably considered Petitioners' fear of persecution to be diminished because members of their family, who are practicing Christians or Catholics, continue to live in Indonesia without harm. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished). Moreover, the agency sufficiently considered all the evidence Petitioners submitted and adequately explained its findings, as, in its decision, the BIA explicitly relied on and discussed the evidence in the record, including the State Department's 2006 Country Report on Human Rights Practices in Indonesia, which provided that the Indonesian government has attempted to improve conditions for Chinese and Christian communities, and, in addition, noted that it had previously considered similar evidence of country conditions. *See Shao v. Mukasey*, 546 F.3d 138, 159 (2d Cir. 2008) (rejecting the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quoting Zhi Yun Gao v. Mukasey, 508 F.3d 86, 87 (2d Cir. 2007) (per curiam) (internal quotation marks

omitted); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  Moreover, the evidence to which Petitioners point to in their brief does not contradict the country conditions evidence or support their claim.  Because the agency considered all of the evidence and adequately explained its findings, it did not violate Petitioners' right to due process, as Petitioners had "a full and fair opportunity to present [their] claims." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir. 2006), *reh'g granted, vacated on other grounds by Xiao Ji Chen*, 471 F.3d 315.

Accordingly, because the agency's determination that Petitioners failed to establish a well-founded fear of future persecution is supported by substantial evidence, the agency did not err in denying asylum.  *See* 8 U.S.C. § 1252(b)(4)(B); *accord Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).  Because Petitioners were unable to show the objective likelihood of persecution needed to make out an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk