Fu v. Holder

BIA
A072 745 135

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of September, two thousand eleven.

PRESENT:
>JOHN M. WALKER, JR.,
>PIERRE N. LEVAL,
>ROSEMARY S. POOLER,
>>*Circuit Judges*.

_____

YUN MEI FU,
>*Petitioner*,

>v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent*.

10-2296-ag
NAC

_____

FOR PETITIONER:    Stuart Altman, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yun Mei Fu, a native and citizen of the People's Republic of China, seeks review of a May 17, 2010, order of the BIA denying her motion to reopen. *In re Yun Mei Fu*, No. A072 745 135 (B.I.A. May 17, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Fu's November 2009 motion to reopen was untimely and numerically barred because her administrative order of removal became final after she failed to voluntarily depart the United States in 1998, and she had previously filed motions to reopen in 2005 and 2008. *See* 8 C.F.R. § 1003.2(c)(2). Although Fu contends that the time and number limitations do not apply to her motion to reopen as it is "based on changed circumstances arising in the country of nationality" and the evidence she submitted "is

-2-

material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii), her arguments are unavailing.

As an initial matter, there is no indication that the BIA ignored any material evidence she submitted. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quoting *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Moreover, contrary to Fu's argument, the BIA reasonably determined that, although China has engaged in discrimination and abuse against Christians, Fu failed to establish that conditions in China and her home province of Fujian had changed fundamentally since her appearance before the immigration court, as required to warrant reopening. When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the BIA's

-3-

factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see Xiao Ji Chen*, 471 F.3d at 342 (noting that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ). Because the BIA reasonably found that Fu failed to establish changed country conditions sufficient to warrant reopening, its denial of Fu's motion was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk