11-2855-ag
Wang v. Holder
BIA
A073 556 723

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand twelve.

PRESENT:
         JOSÉ A. CABRANES,
         GERARD E. LYNCH,
         SUSAN L. CARNEY,
              *Circuit Judges.*

_____

RONG DI WANG,
         *Petitioner,*

         v.                                    11-2855-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:          Vlad Kuzmin, Kuzmin & Associates,
                         P.C., New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Linda S. Wernery, Assistant
                         Director; Sarah Maloney, Trial

**Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Rong Di Wang, a native and citizen of the People's Republic of China, seeks review of a June 15, 2011, order of the BIA denying his motion to reopen. *In re Rong Di Wang*, No. A073 556 723 (B.I.A. June 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Wang's 2010 motion to reopen, his third such motion, was untimely and number-barred because his administrative order of deportation became final in 1996. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). To the

extent Wang contends that the time and number limitations do not apply to his motion to reopen because his motion is "based on changed circumstances arising in" China, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), his arguments are unpersuasive.

Wang asserts that he joined the Party for Freedom and Democracy in China ("PFDC") after being ordered removed from the United States, and that Chinese officials contacted his father about his pro-democracy activities. However, as the BIA found, his membership in the PFDC was a change in personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008).

Moreover, the record supports the BIA's determination that Wang has not established changed conditions arising in China, as a comparison of the State Department reports Wang submitted in his original proceeding and with his motion to reopen showed only a continuation of repression of political dissidents. *See In re S-Y-G-,* 24 I. & N. Dec. 247, 253 (BIA 2007) (where a motion to reopen is based on changed country conditions, the inquiry is a comparison between evidence of country conditions submitted with the motion and those that existed at the time of the merits hearing)*; see also Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006).

Finally, Wang's argument that the BIA abused its discretion by failing adequately to consider his evidence is without merit; the BIA's review of the documentary evidence, while succinct, was sufficient to demonstrate that it had "given reasoned consideration to the petition, and made adequate findings."  *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (rejecting argument that the BIA must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)).  Therefore, because substantial evidence supports the BIA's conclusion regarding conditions in China, we find no abuse of discretion in its denial of Wang's motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), (ii); *Ali v. Gonzales*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4