Jiang v. Holder
BIA
Balasquide, IJ
A088 345 761

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

XIU YU JIANG,
> *Petitioner,*

> v.                                              11-4600
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Alison R. Drucker,
                       Senior Litigation Counsel; John W.
                       Blakeley, Senior Litigation Counsel;
                       Daniel C. Collier, Law Clerk, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Yu Jiang, a native and citizen of China, seeks review of an October 3, 2011, order of the BIA, affirming the March 1, 2010, decision of an Immigration Judge ("IJ")denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Yu Jiang*, No. A088 345 761 (B.I.A. Oct. 3, 2011), *aff'g* No. A088 345 761 (Immig. Ct. New York City Mar. 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). For applications such as Jiang's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder

2

could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Contrary to Jiang's assertions, the agency reasonably found that she was not credible on the basis of inconsistencies within her testimony, and between her testimony and application statement, regarding the number, dates, and circumstances of her arrest(s) and the number of times she escaped arrest while distributing Falun Gong flyers. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Although Jiang argues that the agency excessively relied on her inability to recall specific dates, Jiang's inconsistent testimony extended well beyond dates and included the circumstances of her arrest and near escape, as well as whether her second arrest and second near escape occurred at all. *See Xiu Xia Lin*, 534 F.3d at 167.

Moreover, while Jiang argues that she reasonably explained that her memory troubles were due to her depressive disorder and the anxiety caused by her biological mother's presence, the agency was not required to credit her explanation as it would not necessarily be compelling to a reasonable fact-finder. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Indeed, the IJ reasonably noted that Jiang provided inconsistent testimony on almost every

3

aspect of her claim, and her purported memory troubles do not adequately explain the pervasive inconsistencies in her testimony. *See Xiu Xia Lin*, 534 F.3d at 167; *Majidi*, 430 F.3d at 80-81.

Jiang's argument that the agency erred by ignoring a corroborative letter from her friend and fellow practitioner of Falun-Gong in China is also misplaced. *See Xiao Ji Chen v. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *see also Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (per curiam) (noting that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)).

Because we find the agency's adverse credibility determination supported by substantial evidence on the basis of the above-identified inconsistencies, we decline to consider Jiang's argument that she adequately explained her biological mother's testimony that Jiang came to the United States to reunite.

As the agency's adverse credibility determination is supported by substantial evidence, the agency's denial of

Jiang's application for asylum and withholding of removal was not in error as both claims shared the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Lastly, we decline to consider the agency's denial of CAT relief because Jiang does not contest that finding in this Court.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Jiang's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5