Deliu v. Holder

BIA
A079 659 606

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

PRESENT:
>
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> PETER W. HALL,
> *Circuit Judges.*

_____

AGRIM DELIU, AKA REXAP CUNI,
>
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>
> *Respondent.*

11-3201
NAC

_____

FOR PETITIONER:      Michael P. DiRaimondo, Melville, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Susan Houser, Senior Litigation Counsel; Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Agrim Deliu, a native and citizen of Albania, seeks review of a July 19, 2011, decision of the BIA denying his motion to reopen. *In re Agrim Deliu*, No. A079 659 606 (B.I.A. July 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Deliu's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Although Deliu's motion was indisputably untimely because it was filed more than four years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA reasonably found that Deliu's motion to reopen did not qualify for such an exception.

Although Deliu argues that the BIA failed to consider new and material evidence of changed conditions in Albania, his argument is unavailing. The BIA expressly discussed the affidavit submitted by Deliu's expert witness, Prenk Camaj, and the newspaper articles describing a January 2011 incident in which Albanian riot police killed three supporters of the Socialist Party during a political demonstration. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the BIA does not need to "expressly parse or refute" every piece of evidence submitted by the petitioner (quoting *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007))); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (noting that this Court will "presume that [the BIA] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Moreover, nothing in the record compels the conclusion that the BIA abused its discretion in finding that the evidence Deliu submitted was not material to his claim that

2

he feared persecution on account of his pro-democracy political activities in Albania. Indeed, the BIA—acknowledging that Deliu's evidence suggested some degree of political instability in Albania resulting from the decades-old rivalry between the Democratic Party and the Socialist Party—reasonably found that the record evidence did not support Prenk Camaj's assertion that thousands of politically motivated killings had continued to occur in the years following Deliu's 2004 proceedings, especially during the 2009 parliamentary elections. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Furthermore, while the BIA acknowledged that Camaj's affidavit indicated that two Albania politicians had been killed during the 2009 parliamentary elections, it reasonably found that the record evidence did not establish that Albania's ruling regime, led by Democratic Party Prime Minister Sali Berisha, was involved in the killings or had condoned them. *Id.* Finally, the BIA reasonably found that the January 2011 incident in which three Socialist Party protestors were killed by Albanian police during a political demonstration appeared to be an isolated incident of violence rather than an indication of escalating political strife in Albania. *Id.* Indeed, we have previously taken judicial notice of the fact that country conditions in Albania have improved rather than worsened since Albania's 2005 elections. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006).

Accordingly, because the record does not suggest that the BIA ignored any evidence and because substantial evidence supports the BIA's conclusion that Deliu failed to demonstrate changed conditions in Albania since his 2004 proceedings that would materially affect his eligibility for relief, the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3