Wang v. Holder

BIA
Poczter, IJ
A200 917 731

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fourteen.

PRESENT:
RALPH K. WINTER,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

JUEMING WANG,
    *Petitioner,*

v.                                    13-2031
                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        David A. Bredin, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Christopher C.
                       Fuller, Deputy Chief, National
                       Security Unit; Edward J. Duffy,
                       Senior Litigation Counsel, Office of
                       Immigration Litigation, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jueming Wang, a native and citizen of China, seeks review of a May 2, 2013 order of the BIA, affirming the April 20, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jueming Wang*, No. A200 917 731 (B.I.A. May 2, 2013), *aff'g* No. A200 917 731 (Immig. Ct. New York City Apr. 20, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Contrary to Wang's assertions, the agency did not err in finding that he failed to establish past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The BIA has defined persecution as a

"threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled, in part, on other grounds, INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili*, 433 F.3d at 342. A past persecution finding can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili*, 433 F.3d at 341. Here, the agency reasonably determined that Wang's two interrogations in China did not rise to the level of persecution because he suffered no physical harm and was not threatened with violence. *See id.*

The agency also did not err in finding that Wang failed to demonstrate a well-founded fear of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support in the record," a fear of persecution is "speculative at best"). Although Wang takes issue with

3

the agency's determination that there had been no escalation in the government's interest in him, the agency's inference was reasonably based on Wang's testimony that the two interrogations were similar, the second was not more severe than the first, and he was never harmed or threatened with physical violence.  Where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding."  *Siewe v. Gonzalez*, 480 F.3d 160, 168-69 (2d Cir. 2007) (finding that "support for a contrary inference—even one more plausible or more natural—does not suggest error").

Similarly, the agency did not err in denying Wang's application for CAT relief.  *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003) (denying CAT relief for failure to establish that "someone in [applicant's] particular alleged circumstances is more likely than not to be tortured").  While Wang contends that the agency failed to consider his country conditions evidence in detail, he does not identify any specific pieces of evidence that the agency purportedly overlooked.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of

4

the evidence before [it], unless the record compellingly suggests otherwise"); *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (noting that the agency is not required to expressly "parse or refute on the record each individual argument or piece of evidence offered by the petitioner"). Moreover, because Wang's claims for asylum and CAT relief shared the same factual predicate, the agency reasonably determined that the same testimony and evidence that Wang offered in support of asylum was also insufficient to demonstrate his eligibility for CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006) (recognizing that withholding of removal and CAT claims may necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for all claims is the same).

Lastly, we decline Wang's invitation to remand his case for consideration of new evidence because our review is limited to the administrative record upon which his removal order is based. *See* 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5