06-4746-ag
Yun Gao v. Mukasey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2007

Argued: November 14, 2007                           Decided: November 19, 2007

Docket No. 06-4746-ag
_____

ZHI YUN GAO,

*Petitioner,*

—v.—

MICHAEL B. MUKASEY,[*]

*Respondent.*

_____

Before:

KATZMANN and WESLEY
*Circuit Judges.*[**]

Petition for review of an order of the Bureau of Immigration Appeals (BIA) dated September 22, 2006 denying motion to reopen as untimely. We conclude that the BIA did not adequately consider petitioner's evidence of changed country conditions. The petition for review is granted, the BIA's order is vacated and the case is remanded.

_____

CHARLES CHRISTOPHE (Aleksander Milch, *of counsel*)
Christophe & Associates, P.C., New York, New York, *for
Petitioner*.

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2) Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales.

[**]The Honorable Thomas J. Meskill, who was a member of this panel, died prior to oral argument and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Interim R. 0.14(b).

Paul E. Naman, Assistant United States Attorney *for* Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Beaumont, Texas, *for Respondent.*

_____

PER CURIAM:

The petitioner Zhi Yun Gao seeks review of a September 22, 2006 order of the Board of Immigration Appeals (BIA) denying his motion to reopen. Gao is a native and citizen of China who was born in Changle City in the Fujian Province. He and his wife had a son in China in 1993. In 1998, Gao entered the United States. He filed an application for asylum and withholding of removal, which the immigration judge denied on May 10, 1999. In 2001, Gao and his wife had a second son in New York. The BIA dismissed his *pro se* appeal on August 12, 2002.

On June 5, 2006, Gao filed a motion to reopen his removal proceedings with the BIA alleging that conditions in China had changed such that if he were returned to the Fujian Province with a second U.S.-born child, either he or his wife would be forced to undergo sterilization under a coercive population control policy. In support of this motion, Gao submitted two documents that he argues are comparable to documents that this Court found material in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir. 2006): (1) a family planning leaflet from Tin Jian Town in Fujian Province and (2) the October 2005 State Department report, "China: Profile of Asylum Claims and Country Conditions." The leaflet, entitled "Teaching of the Basic Knowledge of Population and the Family Planning," is in a question and answer format and is dated "In Year 1999." Question 9 reads:

Under the regulation of our province, what contraceptive measure needs to be

taken after giving birth to one child and what measure needs to be taken after giving birth to two children or more?

A: One child, IUD insertion; two children, sterilization.

The 2005 State Department report notes that, in general, Chinese citizens who give birth to children in the United States are not afforded any special treatment under the family planning laws upon their return to China. It appears that neither of these documents was available at the time of Gao's hearing before the IJ.

The BIA denied Gao's motion to reopen on September 22, 2006, finding that it was untimely and that Gao did not qualify for an exception to the timeliness requirement because he had not shown changed circumstances arising in his country of nationality under 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not specifically address the documents Gao submitted to show changed country conditions, merely stating: "In addition, none of the background information submitted with the motion specifically mentions respondent by name."

We review the denial of a motion to reopen for abuse of discretion. *Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). While the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings," *Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted), we have repeatedly stated that "[d]espite the agency's discretion . . . 'IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim' and that 'a similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions.'" *Fong Chen v. Gonzales*, 490 F.3d 180, 182 (2d Cir. 2007) (per curiam) (quoting *Shou Yung Guo*, 463 F.3d at

115).

In *Shou Yung Guo*, the petitioner (who had two children, the second born in the United States before the order of removal) submitted with her motion to reopen (1) a pair of decisions from the Changle City and Fujian Province Family-Planning Administrations stating that Chinese nationals who engaged in reproductive behavior overseas would be subject to enforcement of family planning policies upon returning to China and (2) a family planning question-and-answer style document from Changle City stating that the provincial regulations mandated insertion of an intrauterine device upon the birth of the first child and sterilization upon the birth of the second child. 463 F.3d at 112-13. Finding these documents "unquestionably" material, we remanded to the BIA to consider whether they were sufficient to show a change in policy in the Fujian Province sanctioning forced sterilization of parents who have a second child born in the United States. *Id.* at 115.

The documents that Gao submitted in support of his motion to reopen are strikingly similar to the documents in *Shou Yung Guo* and, as in that case, the BIA's decision does not indicate that the BIA paid any attention to the documents at all. We find that the BIA abused its discretion in failing to consider the documents. Contrary to the BIA's suggestion, a document need not specifically name the petitioner in order to merit attention. Accordingly we remand to the BIA to consider whether Gao's evidence supports a finding of changed country conditions.

We note that in the time since this appeal was initiated, the BIA decided *Shou Yung Guo* on remand. *In re S-Y-G-*, 24 I. & N. Dec. 247 (BIA 2007). The BIA found that the documents in that case were insufficient, in the face of a 2007 State Department report, to show that country conditions in China had changed materially to subject parents of U.S.-born children to forcible

sterilization.  *Id.* at 255, 257-58.  The BIA's decision on remand does not change our conclusion in this case.  Although quite similar, the documents here are different from the *Shou Yung Guo* documents; moreover the 2007 State Department report is not in the record.  Accordingly, the proper course is to remand to the BIA to consider whether the evidence offered by Gao is sufficient to establish changed country conditions.

In light of our disposition, we need not reach Gao's other arguments.

The petition for review is **GRANTED**, the BIA's order is **VACATED** and the case is **REMANDED** to the BIA for further proceedings consistent with this opinion.