YAN YUN LIN, Petitioner,

v.

Attorney General Michael B. MUKASEY,[1] Respondent.

No. 07–4284–ag.

United States Court of Appeals, Second Circuit.

May 2, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Richard Tarzia, Belle Mead, New Jersey, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Yan Yun Lin, a native and citizen of China, seeks review of a September 25, 2007 order of the BIA affirming the September 17, 2003 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, which denied her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin, Yan Yun,* No. A95 461 815 (B.I.A. Sept. 25, 2007), *aff'g* No. A95 461 815 (Immig. Ct. N.Y. City Sept. 17, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA issues an independent decision on remand from this Court and does not adopt the decision of the IJ, we review the decision of the BIA alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). Our review of the BIA's conclusions with respect to evidence of country conditions in China is highly deferential. As we have held, "[f]act-finders in immigration cases command no lesser deference" than other agencies acting in their expert capacity. *Hoxhallari v. Gonzales,* 468 F.3d 179, 186 (2d Cir.2006).

Here, we need not reach the agency's findings made in reliance on its recent precedent decisions, nor Lin's challenges to that reliance, because we find no error in the BIA's independent finding that Lin failed to establish prima facie eligibility for asylum or withholding of removal.[2]

■ To establish asylum eligibility based on future persecution, an applicant must establish that her fear of persecution is objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). A fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Based on the record here, we find no error in the BIA's denial of Lin's claims. The affidavits from John Aird in the record are insufficient because they were "not prepared specifically for petitioner and [were] not particularized as

---

**2.** Because Lin failed to raise either her past persecution claim or CAT claim in her brief to this Court, we deem those claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal).

to [her] circumstances." *Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006). *But see Zhi Yun Gao v. Mukasey,* 508 F.3d 86, 88 (2d Cir.2007) (emphasizing that "a document need not specifically name the petitioner to merit attention"). Additionally, neither the 1996 Shanqian Village letter nor the 1991 Fujian Birth Planning Regulations in the record establish Lin's claims because she never indicated she was from Shanqian Village or would live there upon her return, and there is no evidence that Fujian regulations from 1991 would still be in force upon her return more than fifteen years later. *See Jian Xing Huang,* 421 F.3d at 129. Moreover, even assuming their accuracy, the balance of Lin's evidence, all of which dates from 2001 or prior, fails to indicate that returning Chinese nationals with U.S.-born children have been and will be persecuted by the Chinese government. *See id.* Simply stated, we are not compelled to find in this case that the BIA ignored any of the evidence Lin submitted, *cf. Zhi Yun Gao,* 508 F.3d at 88, and we defer to the BIA's assessment of country conditions in China. *See Hoxhallari,* 468 F.3d at 186–87; *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336–37 n. 17 (2d Cir.2006).

■ Additionally, we do not agree with Lin that the BIA failed to consider her argument that she faces economic persecution upon her return. To the contrary, the BIA specifically found that Lin failed to establish that any "sanctions" she faced due to the birth of children in the U.S. would rise to the level of persecution. That finding was not in error because Lin's testimony that she would be fined was insufficient to establish that any economic harm she faced would constitute economic persecution. *See Guan Shan*

*Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67 (2d Cir.2002) (noting that to establish economic persecution, an applicant must show at least a "deliberate imposition of a substantial economic disadvantage").

■ Accordingly, we will not disturb the agency's determination that Lin failed to carry her burden of proof. Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her application for withholding of removal, where it was based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.