**YI MEI NI, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–4336–ag.**

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Robert J. Adinolfi, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Terri J. Scadron, Assitant Director, Surell Brady, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Present: ROSEMARY S. POOLER, REENA RAGGI, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yi Mei Ni, a native and citizen of China, seeks review of the September 11, 2007 order of the BIA denying her motion to reopen. *In re Yi Mei Ni*, No. A77 340 941 (B.I.A. Sept. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ The BIA properly noted that Ni's June 2007 motion to reopen was her second such motion before the agency and was not filed within 90 days of the agency's final administrative decision dated June 2003. Accordingly, her motion was both time and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A) & (c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Therefore, she was required to demonstrate changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, the BIA found that Ni failed to establish a change in country conditions in China. Ni fails to challenge that finding.

■ Where the petitioner has been represented by counsel throughout these proceedings, "it is not our obligation to ferret out [her] arguments. That, after all, is the purpose of briefing." *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir.2005). Accordingly, because no manifest injustice would result if we decline to review the agency's

finding that Ni failed to establish a change in conditions in China, we deem waived any challenge thereto. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *see also McCarthy,* 406 F.3d at 186 (noting that a petitioner's attorney must "include his most cogent arguments in his opening brief, upon pain of otherwise finding them waived."). Thus, that finding stands as a valid basis for the agency's denial of Ni's motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1).

To the extent that Ni seeks a remand to the BIA in light of the documents we addressed in *Zhi Yun Gao v. Mukasey,* 508 F.3d 86, 88 (2d Cir.2007), we find that the exercise of any inherent equitable power to remand is not warranted in this case where that evidence was not part of the administrative record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir. 2007); see also 8 U.S.C. § 1252(b)(4)(A).[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.

---

**2.** Regarding Ni's request that we "stay the mandate" in her case while she files another motion to reopen with the BIA, we decline to do so.