**Arjun LAMA, Petitioner,**

v.

**Eric H. HOLDER, Attorney General, Respondent.**

No. 08–2495–ag.

United States Court of Appeals, Second Circuit.

March 10, 2009.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Jessica Segall, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. JOSÉ A. CABRANES and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Arjun Lama, a native and citizen of Nepal, seeks review of an April 22, 2008 order of the BIA affirming the February 9, 2007 decision of Immigration Judge ("IJ") Michael W. Straus, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arjun Lama,* No. A96 425 291 (B.I.A. Apr. 22, 2008), *aff'g* No. A96 425 291 (Immig. Ct. Hartford, Feb. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Lama does not challenge the agency's pretermission of his asylum application in his brief to this Court. Because issues not sufficiently argued in the briefs are considered waived and because addressing that claim does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v.*

*U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Upon our review of the record, we conclude that the agency erred by ignoring relevant evidence that Lama submitted to establish his eligibility for withholding of removal and CAT relief. *See Yan Chen v. Gonzales,* 417 F.3d 268, 272 (2d Cir.2005) (holding that an agency "must actually consider the evidence and arguments that a party presents"). The agency found that Lama failed to demonstrate a likelihood of persecution on account of a protected ground. We cannot, however, adequately consider whether substantial evidence supports the agency's determination because it appears that significant aspects of Lama's evidence were ignored. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). In particular, the agency made no reference to news articles and a country report that documented violence by Maoist insurgents against Nepali Congress Party members, and a news report that indicated that Maoists had killed Lama's uncle—who was a local cadre of the Nepali Congress—and that they had also beaten and threatened to kill Lama. While it is appropriate to presume that the agency has considered evidence where the record does not compellingly suggest otherwise, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006), we have "repeatedly stated that [d]espite the agency's discretion ... IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim." *Zhi Yun Gao v. Mukasey,* 508 F.3d 86, 87 (2d Cir. 2007) (internal citations omitted). Moreover, some evidence Lama submitted arguably demonstrates that Maoists are targeting members of the Nepali Congress Party and that Lama was targeted in the past because of his ties with the Party. *See Xiao Ji Chen,* 471 F.3d at 336 n. 17.

Because it is unclear whether the IJ or the BIA considered evidence that is relevant to determining whether Lama is more likely than not to be persecuted or tortured in Nepal, we remand. *See Yan Chen,* 417 F.3d at 272; *see also Tian–Yong Chen,* 359 F.3d at 128 (remanding the petitioner's case because we could not adequately consider whether substantial evidence supported the BIA's determination when the agency ignored significant aspects of the applicant's testimony).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).