**HUI YING ZHANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Eric H. Holder, Jr.,\* Respondent.**

No. 06–4277–ag.

United States Court of Appeals, Second Circuit.

June 25, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted as the respondent in this case.

Bruno Joseph Bembi, Hempstead, N.Y., for Petitioner.

Anne M. Hayes, Assistant United States Attorney (Jennifer P. May–Parker, on the brief), for George E.B. Holding, United States Attorney for the Eastern District of North Carolina, Raleigh, N.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Ying Zhang, a native and citizen of the People's Republic of China, seeks review of an August 28, 2006 order of the BIA, which denied her motion to reopen her claim for asylum. *In re Hui Ying Zhang*, No. A79 084 476 (B.I.A. Aug. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Zhang's motion sought to reopen on the grounds that she recently gave birth to two children in the United States and feared forced sterilization under the family planning policies in effect in Fujian Province. Zhang acknowledged that her motion to reopen was filed more than 90 days after the final agency order, but she claimed an exception to the time limitation based on changed country conditions. *See* 8 C.F.R. § 1003.2(c)(2). The BIA ruled that "the birth of children in the United States—which amounts to a change in personal circumstances—does not constitute a change in circumstances arising in the country of nationality...."

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Zhang argues that the BIA abused its discretion in concluding that the birth of her two children is a changed personal circumstance and not a changed country condition. However, the BIA did not abuse its discretion because we have made clear that the birth of additional children is a changed personal circumstance. *See, e.g., Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006)("[T]he BIA correctly held that the birth of petitioner's two children in the United States is evidence of his changed personal circumstances, as opposed to changed conditions in China.").

Zhang also argues that the BIA abused its discretion by not explicitly considering the evidence submitted of changed country conditions in China. Her evidence consisted of various 2004 and 2005 State Department reports on China, as well as her uncorroborated statement that certain members of her family had been forcibly sterilized in Fujian Province. *See Poradisova v. Gonzales*, 420 F.3d 70, 81 (2d Cir. 2005) (noting that the BIA has a "duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim. A similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions.").

In general, the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir.2007) (internal quotation marks omitted). In any event, even if we assume that the BIA did abuse its discretion, remand is not required because "we can predict with confidence that

the agency would reach the same result even absent these errors." *Xiao Kui Lin v. Mukasey,* 553 F.3d 217, 222 (2d Cir. 2009).

In three recent precedential opinions, the BIA considered various evidence—including the State Department country reports submitted by Zhang—and determined that each applicant had failed to establish that China (as a whole) or Fujian Province (in particular) adheres to an official policy of forcibly sterilizing those with more than one child (as opposed to offering economic incentives to undergo voluntary sterilization procedures). *See In re S–Y–G–,* 24 I. & N. Dec. 247, 253–59 (B.I.A.2007); *In re J–H–S–,* 24 I. & N. Dec. 196, 201–03 (B.I.A.2007); *In re J–W–S–,* 24 I. & N. Dec. 185, 191–93 (B.I.A. 2007). Recently, in *Jian Hui Shao v. Mukasey,* this Court denied petitions for review of the *J–H–S–, J–W–S–,* and *S–Y–G* decisions, finding no error in the BIA's refusal to grant relief. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 174 (2d Cir. 2008). In light of these recent opinions addressing evidence almost identical to Zhang's, we can confidently predict that the BIA would reach the same result in Zhang's case even if it explicitly considered the evidence that she asserts was overlooked.

For the foregoing reasons, Zhang's petition for review is **DENIED.**