09-5161-ag
Wu v. Holder

BIA
A078 731 360

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand ten.

PRESENT:
GUIDO CALABRESI,
ROBERT A. KATZMANN,
PETER W. HALL,
    *Circuit Judges.*

_____

XUE JIN WU,
        *Petitioner,*

        v.                                      09-5161-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Xue Jin Wu, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Jamie M. Dowd, Senior Litigation Counsel; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Xue Jin Wu, a native and citizen of the People's Republic of China ("China"), seeks review of a November 17, 2009, decision of the BIA denying her motion to reopen. *In re Xue Jin Wu,* No. A078 731 360 (B.I.A. Nov. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We review for substantial evidence the BIA's evaluation of evidence of changed country conditions submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is undisputed that Wu's motion to reopen was untimely and number-barred, because it was filed more than four years after the agency's order of removal became final, and because Wu filed previous motions to reopen in June 2005 and October 2006. *See* 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to

reopen asylum proceedings that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii). Wu claims that her motion falls under this exception because she demonstrated changed circumstances regarding the treatment of Christians in China. Wu further claims that her case should be remanded because the BIA erred in failing to explicitly consider in its decision the country conditions evidence she submitted.

This Court presumes that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006), and the BIA need not "parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169 (quoting *Zhi Yun Gao v. Mukasey*, 508 F.3d 87, 87 (2d Cir. 2007)) (internal quotation mark omitted). The record in this case does not compel the conclusion that the BIA failed to consider any material evidence demonstrating changed country conditions. *See Xiao*

3

*Ji Chen*, 471 F.3d at 337 n.17.

Although the general country conditions evidence submitted with Wu's motion discusses intensified repression of religion in some areas of China, it does not indicate that increased repression occurred in Wu's home province of Fujian. *See Jian Hui Shao*, 546 F.3d at 154 (noting that the agency requires a movant to show relevant changed country conditions in her local province in order to excuse the time limitation for filing a motion to reopen). Moreover, the BIA was under no obligation to credit Wu's individualized evidence claiming a crackdown on underground churches in Fujian Province, particularly in light of the IJ's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007) (finding that the BIA reasonably declined to credit the petitioner's unauthenticated evidence based on the agency's underlying adverse credibility determination). Thus, because the record evidence does not compel the conclusion that the BIA failed to take into account material evidence, *see Xiao Ji Chen*, 471 F.3d at 337 n.17, and further supports the BIA's determination that Wu failed to demonstrate material changed country conditions excusing the time and

4

numerical limits for filing her motion, *see Jian Hui Shao*, 546 F.3d at 154, we find no error in the BIA's decision.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk