Zou v. Holder

BIA
A098 432 363

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SHUI QIM ZOU, AKA SHUI QIN ZOU,
> *Petitioner,*

v.                                          14-189
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; E. Tayo Otunla, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shui Qim Zou, a native and citizen of China, seeks review of the BIA's January 10, 2014, decision denying her motion to reopen. *In re Shui Qim Zou*, No. A098 432 363 (B.I.A. Jan. 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An applicant may file a motion to reopen within 90 days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Zou's motion to reopen was untimely because it was filed in November 2013, more than four years after her June 2009 final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R.

§ 1003.2(c)(2). However, the time limitation does not apply when a motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Contrary to Zou's argument, there is no indication that BIA applied an incorrect standard to her motion to reopen when it reasonably found that she failed to demonstrate materially changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 168-69. While the BIA did not address each piece of evidence individually, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks and citation omitted); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). While, as the BIA acknowledged, the

3

evidence provided that China continued to arrest and harass underground church leaders and members, it also provided that underground church members were permitted to worship unharmed in some parts of the country. One report lists incidents of religious persecution by province; it reflects no reports of abuse in Zou's home province of Fujian for 2011. Accordingly, substantial evidence supports the BIA's conclusion that the treatment of underground church members had not materially changed in China between the time of Zou's hearing and her motion to reopen, and the BIA did not abuse its discretion in denying her motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)©; *see also Jian Hui Shao*, 546 F.3d at 168–69.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4