Nague v. Holder

BIA
Burr, IJ
A079 113 317

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

FELIX KPLOHI NAGUE,
> *Petitioner,*

v.                                          13-4620
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Joshua E. Bardavid, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; David H. Wetmore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Felix Kplohi Nague, a native and citizen of the Ivory Coast, seeks review of a November 14, 2013, decision of the BIA, affirming the October 12, 2011, decision of an Immigration Judge ("IJ"), denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Felix Kplohi Nague*, No. A079 113 317 (B.I.A. Nov. 14, 2013), *aff'g* No. A079 113 317 (Immig. Ct. N.Y. City Oct. 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that the BIA expressly declined to consider (the pretermission of asylum). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Nague's, which are governed by

the REAL ID Act, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  8 U.S.C. § 1158(b)(1)(B)(ii).  Contrary to Nague's assertions, the agency did not err in finding that his testimony was insufficiently "persuasive" and "specific" to sustain his burden of proof without corroboration.  Nague had not been to the Ivory Coast in approximately fourteen years, he had no first-hand knowledge of the harm that befell his brothers, and he did not assert past persecution or a specific, current threat to his safety.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008) (observing that while "credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear"); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best").

Nague also argues that the agency erred by failing to specifically identify the type of corroborating evidence that was missing.  His argument is not supported by the record: the agency noted that Nague failed to submit any proof of his membership in the Rally of the Republicans ("RDR"), such as a membership card or a witness to testify to his membership, or any evidence corroborating his older brother's cause of death, such as a witness or a letter from someone with personal knowledge.

The agency also did not err in finding that additional corroborating evidence was reasonably available.  Nague argued that:  (1) his friends were unable to obtain his RDR membership card in the Ivory Coast because the situation in that country is unstable; (2) he had trouble obtaining documents from his family; and (3) he did not have sufficient time to obtain evidence.  The agency reasonably rejected these explanations because Nague could have obtained evidence that he has been an RDR member in the United States since 1997, he was able to obtain his brother's death certificate from someone in the Ivory Coast, and he had more than two years to gather evidence for his hearing.  *See* 8 U.S.C. § 1252(b)(4)(D) ("No court shall

4

reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Lastly, Nague has not shown that the agency ignored his background evidence. Nague faults the IJ's decision for failing to explicitly mention the State Department's Country Report. The agency, however, is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted). In any event, given Nague's failure to submit any evidence corroborating his RDR membership, the IJ's failure to explicitly discuss the Country Report does not compellingly suggest that material evidence was ignored. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk