14-1243
*Macelara v. Lynch*

BIA
A028 906 621

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fifteen.

PRESENT:
 DENNIS JACOBS,
 PIERRE N. LEVAL,
 DEBRA ANN LIVINGSTON,
  *Circuit Judges.*

_____

SKUMBIN MACELARA,
  *Petitioner,*

  v.                                    14-1243
                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:         Michael P. Diraimondo; Marialaina
                        L. Masi; Stacy A. Huber, DiRaimondo
                        & Masi, LLP, Melville, New York.

FOR RESPONDENT:         Joyce R. Branda, Acting Assistant
                        Attorney General; John W.
                        Blakeley, Assistant Director; Dawn
                        S. Conrad, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Skumbin Macelara, a native and citizen of the former Yugoslavia and an ethnic Albanian from Macedonia, seeks review of a March 31, 2014, decision of the BIA denying his motion to reopen. *In re Skumbin Macelara,* No. A028 906 621 (B.I.A. Mar. 31, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien seeking to reopen proceedings is required to file a motion to reopen no later than ninety days after the date on which the final administrative decision was rendered and may file only one such motion. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no

dispute that Macelara's 2014 motion was time and number barred because he previously sought reopening in both 1996 and 2011, and his order of removal became final in 1996.  8 U.S.C. § 1101(a)(47)(B)(i).

There is no time limit, however, for filing a motion to reopen to apply for asylum and withholding of removal if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review those factual findings under the substantial evidence standard.  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Macelara's motion as untimely because substantial evidence supports its finding that Macelara did not establish materially changed conditions in Macedonia.  Macelara's central argument is that the BIA abused its discretion in finding the expert affidavit

3

from Dr. Fischer ("Fischer affidavit") insufficient to establish changed conditions in Macedonia. He quotes several sections of the Fischer affidavit, which state that country conditions have worsened and describe specific incidents. However, the affidavit also describes ethnic tensions in Macedonia as ongoing throughout the region's history. Under these circumstances, we defer to the BIA's evaluation of the record evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Jian Hui Shao*, 546 F.3d at 169. Furthermore, Dr. Fischer's current affidavit is substantially the same as his 2011 affidavit, except that it highlights certain incidents that occurred after Macelara's 2011 motion.

Macelara argues that the BIA abused its discretion by failing to "consider all of the evidence submitted" and that the Fischer affidavit should have been read in conjunction with that other evidence. This argument lacks merit because the BIA not only explicitly analyzed the Fischer affidavit, noting its "extensive discussion of historical events in what is now Macedonia," but concluded that the "evidence submitted" did not demonstrate a change in conditions. *See Wei Guang Wang v. BIA*,

4

437 F.3d 270, 275 (2d Cir. 2006); *see also Xiao Ji Chen*, 471 F.3d at 337 n.17.  Moreover, while the BIA did not expressly discuss Macelara's other country conditions evidence, it was not obligated to do so.  *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007).  Regardless, the remaining background evidence supports the BIA's decision that conditions have not materially changed in Macedonia.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5