*Begu v. Lynch*

BIA
Christensen, IJ
A079 437 356

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

RESHAT BEGU, AKA BEGU RASHAT,
> *Petitioner,*

v.                                                                14-1294
                                                                  NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gregory Marotta, Vernon, New Jersey.

FOR RESPONDENT:          Joyce R. Branda, Assistant Attorney
                         General; Carl McIntyre, Assistant
                         Director; Margaret A. O'Donnell,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Reshat Begu, a native and citizen of Albania, seeks review of an April 9, 2014, decision of the BIA affirming an April 5, 2012, decision of an Immigration Judge ("IJ") denying Begu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Reshat Begu,* No. A079 437 356 (B.I.A. Apr. 9, 2014), *aff'g* No. A079 437 356 (Immig. Ct. N.Y. City Apr. 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510,

513 (2d Cir. 2009). Because Begu first applied for asylum prior to May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply.

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Shi Jie Ge v. Holder,* 588 F.3d 90, 93-94 (2d Cir. 2009). Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. BIA*, 548 F.3d 232, 234 (2d Cir. 2008) (citing *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006)). To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir. 2005). However, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to

3

the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (citations omitted). The agency need not credit an applicant's explanations for inconsistent testimony unless they would compel a reasonable fact-finder to do so. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)

The agency reasonably found Begu's airport interview inconsistent with his asylum application and testimony. During the airport interview, Begu did not make any claims based on political persecution, while his application provided a detailed account of the times he was arrested, detained, and beaten by the police for his membership in the Democratic Party. Begu stated during the interview that he feared returning to Albania because he borrowed money from family and friends who might kill him if he did not pay them back; he conceded during the merits hearing that this statement was false. The IJ reasonably rejected Begu's explanation that he was afraid to reveal his involvement in politics to the officer at the airport. *Majidi*, 430 F.3d at 80-81.

4

The agency also reasonably found Begu's testimony and affidavit inconsistent with the notes from his credible fear interview. Begu argues that the interview notes were unreliable because at the time the interview was conducted, he was still in immigration custody. However, the credible fear interview record bears significant indicia of reliability. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004); *see also Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009). The interview was recorded in the form of a transcript that clearly provided the questions asked and answers given, and did not merely "summarize" Begu's statements; the officer asked Begu several questions that were clearly designed to elicit an asylum claim; and Begu answered questions clearly and included several details about his political affiliation. Finally, nothing in the interview record suggested a translation problem: Begu confirmed during the interview that he understood the interpreter, and continued to provide clear answers to the questions asked. Accordingly, the agency did not err in relying on the credible fear interview. *See Ming Zhang*, 585 F.3d at 725. And, considering Begu's credible fear

interview, affidavit, and testimony, he was inconsistent as to whether and how many times he was detained, when the police beat him, and whether he owed money to people in Albania.

Moreover, the IJ reasonably found that Begu's corroborating evidence was insufficient to rehabilitate his inconsistent testimony, affording limited weight to the medical document and letters he submitted because their authors were unavailable for cross-examination. *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007); *Xiao Ji Chen*, 471 F.3d at 337 n.17, 342.

Given the inconsistencies between Begu's testimony, affidavit, and record evidence, substantial evidence supports the agency's adverse credibility determination, which provided an adequate basis for denying Begu asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

6

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk