Singh v. McHenry

BIA
Thompson, IJ
A208 285 385

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

BAGGA SINGH,
> *Petitioner,*

v.                                                                                          22-6289
                                                                                            NAC

JAMES R. MCHENRY III, ACTING
UNITED STATES ATTORNEY
GENERAL,

*Respondent.\**

_____

**FOR PETITIONER:**               Suraj Raj Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:**               Brian M. Boynton, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Jonathan S. Needle, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bagga Singh, a native and citizen of India, seeks review of a May 25, 2022, decision of the BIA affirming a November 21, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal.[1]   *In re Bagga Singh*, No. A208 285 385 (B.I.A. May 25, 2022), *aff'g* No. A208 285 385 (Immigr. Ct. N.Y.C. Nov. 21, 2018).   We assume the parties' familiarity with the underlying facts and procedural history.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General James R. McHenry III is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

[1] Singh does not raise a claim under the Convention Against Torture here or challenge the BIA's finding that he waived that claim on appeal.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution. *Id.* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(a)–(b), 1208.16(b). "To qualify as 'persecution,' the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is 'unable or unwilling to control.'" *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quoting *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020)). "Under the unwilling-or-unable standard, 'a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims.'" *Id.* at 114–15 (quoting *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000)).

The agency applied the correct legal standard in determining that Singh did not meet his burden in proving the Indian government was unable or unwilling to protect him. Singh argues that the agency erred by citing our decision in *Scarlett* for the proposition that the applicant must show that the government condoned the actions or demonstrated complete helplessness to protect the applicant. But this argument is without merit. In *Scarlett*, we rejected the argument that the "complete helplessness" standard was a "new" or "heightened requirement." 957 F.3d at 333. And even after *Matter of A-B-*, 27 I. & N. Dec. 316 (B.I.A. 2018), was vacated, we have continued to apply this standard. *See Castellanos-Ventura v. Garland*, 118 F.4th 250, 254 (2d. Cir. 2024); *Singh*, 11 F.4th at 114–15.

The agency did not err in determining that Singh failed to prove Indian authorities are unable or unwilling to protect him from private actors. Singh testified that he was a member of and a worker for the Shiromani Akali Dal Amritsar Party ("Mann Party"), and that he was attacked twice by members of the Akali Dal Badal Party ("Badal Party"). First, in 2013, while Singh was door-to-door fundraising for the Mann Party, four men stole the proceeds he had collected, beat him with iron rods, and tied him to a tree. Second, in 2014, on his way home from temple, three men brandished a gun and threatened his life in an attempt to

4

recruit him to the Badal Party. The day after the first attack, Singh tried to file a police report, but an officer "pushed [him] out" and refused to assist because the Badal party was "their government." Cert. Admin. R. at 83.

Members of the Badal Party are private actors, not government officials. *See Singh*, 11 F.4th at 116 ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or . . . is aligned with a party in power nationally—does not establish that the applicant was persecuted by the government."). Thus, Singh had to establish that the Indian government was unable or unwilling to control his attackers; that is, that the government "condoned [the abuse] or at least demonstrated a complete helplessness to protect" him. *Id.* at 115 (quoting *Galina*, 213 F.3d at 958). This "standard requires an applicant to show more than government failure to act on a particular report of an individual crime, or difficulty . . . controlling private behavior." *Scarlett*, 957 F.3d at 331 (quotation marks and brackets omitted).

The agency reasonably determined that Singh's one failed attempt to file a police report was insufficient—in light of country conditions evidence—for Singh to demonstrate that the Indian government was unwilling or unable to protect him. Record evidence included a U.S. State Department report concluding that

5

civilian authorities maintained effective control over the security forces, that the government had compensated certain victims of police violence, and that a special court had been established to prosecute police officers. And news articles reported that several officers were arrested and convicted for a kidnapping and murder of a Sikh human rights activist. Singh's single failed attempt to file a police report does not compel a contrary conclusion to that reached by the agency. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that when "the agency's conclusion finds support in record evidence" an applicant cannot secure relief "by pointing to conflicting evidence that might support—but not compel—a different conclusion").

Singh argues that the agency cherrypicked information from the State Department report and ignored other evidence, including a report from the Immigration and Refugee Board of Canada ("IRBC")[2] and affidavits from his father, wife, and the village leader. He points to the State Department report's discussion of extrajudicial violence, the IRBC's note that the Punjab police use torture, and the allegations in the affidavits of police collusion with the Badal

_____

[2] Singh erroneously attributes the IRBC's report to the United Nations Human Rights Council, which maintains the website where the IRBC authored report is published. *See* Cert. Admin. R. at 331.

Party.   But "substantial evidence review does not contemplate any judicial reweighing of evidence.   Rather, it requires us to ask only whether record evidence compelled an acquiescence finding different from that reached by the agency."   *Quintanilla-Mejia*, 3 F.4th at 593-94.   "So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely."   *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007).   Here, there was sufficient record evidence to support the agency's conclusion.

As for the affidavits from Singh's family, "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."   *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013); *see also Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according . . . little weight [to letters]" in part because the declarants were interested parties and not available for cross-examination).   And the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered."   *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (quoting *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007)).

7

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court