*Getsadze v. Lynch*

BIA
A087 415 021

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

MAMUKA GETSADZE,
> *Petitioner,*

v.                                          14-2238
                                            NAC

LORETTA E. LYNCH,[1] UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Berdymurat Berdyev, Woodbridge, New
                         Jersey.

FOR RESPONDENT:          Joyce C. Branda, Acting Assistant
                         Attorney General, Linda S. Wernery,
                         Assistant Director, Christina
                         Parascandola, Trial Attorney,

---

[1] Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mamuka Getsadze, a native and citizen of Georgia, seeks review of a May 27, 2014 decision of the BIA denying his motion to reopen to allow him to apply for asylum and withholding of removal. *In re Mamuka Getsadze,* No. A087 415 021 (B.I.A. May 27, 2014). He also moves the Court for judicial notice of certain new documents and for a stay of removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Getsadze moved the BIA to reopen proceedings so that he could apply for asylum and withholding of removal. He claimed to have a well-founded fear of future persecution on the ground that in recent elections, his political party, the United National Movement ("UNM"), lost to the Georgian Dream Party, which then launched investigations and prosecutions of UNM party members and officials.

2

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien seeking to reopen proceedings may move to reopen no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). That time limitation does not apply if the motion is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii).

Getsadze's motion was untimely, and so he needed to demonstrate that the Georgian Dream party's ascendancy is material to his claims for asylum and withholding of removal. He could do this by demonstrating either that there exists a pattern or practice of persecution of those similarly situated or that he will be singled out for persecution. *See* 8 C.F.R. §§ 1208.13(b)(2) (asylum), 1208.16(b)(2) (withholding of removal). The BIA had the discretion to find that Getsadze demonstrated neither.

3

The background materials Getsadze submitted describe the new Georgian government's efforts to investigate and prosecute those who led the prior UNM regime, including the former president and various ministers.  But Getsadze does not claim to have been a leader of the UNM; he never held any governmental office or elevated position within the party.  Rather, based on his own submission, his UNM-related conduct was limited to peaceful demonstrations more than a decade ago.  Consequently, the BIA was entitled to find that Getsadze is not similarly situated to the UNM leaders who are being targeted in Georgia.

Getsadze contends that the BIA overlooked "evidence of his relentless dedication and participation in the UNM activities," which puts him in the same posture as UNM leaders.  For this proposition, he cites affidavits from two members of the Georgian-American community.  The BIA was not compelled to credit these affidavits; and even if it did credit them, it was not compelled to equate activism with party leadership.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) ("[W]e do not demand that the BIA 'expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.'" (quoting *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007)); *Siewe v. Gonzales*, 480 F.3d 160, 168

(2d Cir. 2007) ("[R]ecord support for a contrary inference—even one more plausible or more natural—does not suggest error.").

Getsadze also contends that the country conditions evidence demonstrates that "regular UNM members and activists are equally being subjected to the current government's abuse, which includes harassment, detention, interrogations and physical abuse." Pet. Br. 28. He cites four documents in the administrative record. Not one supports this proposition.

In his merits brief, Getsadze appears to disavow a claim that the new Georgian regime will single him out for harm. In any event, the BIA had the discretion to conclude that Getsadze did not show that the Georgian government will target him. His mother stated that government officials were seeking to recoup $50,000 that the prior administration allotted to Getsadze for his personal use. But Getsadze's only evidence of the harm allegedly threatened--the sealing and seizure of his apartment in Georgia--was his mother's secondhand account from neighbors. His Georgian attorney's account was third-hand, reliant on the mother's report of what had transpired and a "government record" of the $50,000 transfer that is absent from the administrative record. The BIA was entitled to find that these statements did not demonstrate that the Georgian government is interested in

5

harming Getsadze. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006).

The BIA suggested that Getsadze could have submitted documentary evidence that the Georgian government intends to prosecute him for the $50,000 allotment. Getsadze argues that in doing so, the BIA expected his supporters to "dare to ask the police for a record of Mr. Getsadze's arrest warrant." Getsadze is correct that "'asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor.'" *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir. 2005) (quoting *Gui Cun Liu v. Ashcroft*, 372 F.3d 529, 532 (3d Cir. 2004)). But the BIA did not suggest that Getsadze needed authenticated documents memorializing the Georgian government's plans to persecute him. Rather, it wrote that reliable evidence would include "an arrest warrant, summons," or other documentary evidence that his apartment has been sealed or seized--that is, documents that the government would have issued to Getsadze in the ordinary course. That suggestion did not run afoul of *Cao He Lin*, particularly given that the attorney cited, but did not append, a "government record" of the $50,000 allotment that purportedly spurred the search for Getsadze.

Getsadze moves, pursuant to Federal Rule of Evidence 201, for us to take judicial notice of articles reflecting various political agencies' concerns about Georgia's criminal prosecution of former President Saakashvili and other high-ranking officials of Getsadze's political party. To grant the motion would breach our statutory obligation to decide the petition based "only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Getsadze's recourse is another motion to reopen before the BIA. 8 U.S.C. § 1229a(c)(7)(C)(ii); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007).

For the foregoing reasons, the petition for review and the motion for judicial notice are DENIED. Because we have completed our review, Getsadze's pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7