Shi Wu Lin v. Sessions

BIA
A070 902 764

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand eighteen.

PRESENT:
JOHN M. WALKER, JR.,
GUIDO CALABRESI,
JOSÉ A. CABRANES,
        *Circuit Judges.*
_____

SHI WU LIN,
        *Petitioner,*

v.                                          **16-4277**
                                            **NAC**
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Jay Ho Lee, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Leslie McKay,
                         Senior Litigation Counsel;
                         Virginia L. Gordon, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shi Wu Lin, a native and citizen of the People's Republic of China, seeks review of a December 5, 2016, decision of the BIA denying his motion to reopen as untimely and number barred. *In re Shi Wu Lin,* No. A070 902 764 (B.I.A. Dec. 5, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Shi Wu Lin's 2016 motion to reopen was untimely and number barred because it was filed nearly nineteen years after his removal order became final and was his third motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). These limitations are excused if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented

2

at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). However, the BIA did not err in finding that Shi Wu Lin failed to demonstrate a material change in conditions for Christians in China.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, reports from the U.S. Department of State demonstrate that the Chinese government has viewed unfavorably and mistreated unregistered Christian groups since before Shi Wu Lin's 1997 hearing. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Although Shi Wu Lin takes issue with the BIA's conclusion that conditions have not materially changed, the task of resolving conflicts in the record evidence is largely within the agency's discretion. *Jian Hui Shao*, 546 F.3d at 171; *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir.

3

2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact.") (alteration in original).  Accordingly, Shi Wu Lin did not meet his burden of showing a material change as needed to excuse his untimely and number-barred filing.

Contrary to Shi Wu Lin's assertion, the BIA did not abuse its discretion by ignoring country conditions evidence in the record.  The agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169 (quoting *Zhi Yun Gao v. Mukasey,* 508 F.3d 86, 87 (2d Cir. 2007)), and "we presume that [the agency] has taken into account all the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).  While Shi Wu Lin sets forth several excerpts of the country conditions evidence, which he argues show a worsening of conditions for underground Christians in China since 2005, Shi Wu Lin was required to establish a material change in conditions since 1997.  *In re S-Y-G-*, 24 I. & N. Dec. at 253.  The BIA's failure to explicitly mention this evidence therefore does not

compellingly suggest that it was ignored.  *Xiao Ji Chen*, 471 F.3d at 336 n.17.

Because the BIA did not abuse its discretion in denying the motion as untimely and number barred based on Shi Wu Lin's failure to establish a material change in conditions in China, we need not reach the BIA's alternative ruling that Shi Wu Lin failed to show his prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court