Khatri v. Garland

BIA
Wright, IJ
A205 657 543

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of January, two thousand twenty-three.

PRESENT:
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

JHAM BAHADUR KHATRI,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

20-1718
NAC

FOR PETITIONER: Jason Schaffer, New York, NY.

FOR RESPONDENT: Brian Boynton, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director;

Elizabeth K. Ottman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jham Bahadur Khatri, a native and citizen of Nepal, seeks review of a May 7, 2020, decision of the BIA affirming a July 18, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jham Bahadur Khatri,* No. A205 657 543 (B.I.A. May 7, 2020), *aff'g* No. A205 657 543 (Immigr. Ct. N.Y. City July 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, that is, excluding the demeanor finding on which the BIA did not rely. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless

any reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial-evidence standard). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

3

Khatri alleged that Maoists threatened him and his family, beat and kidnapped him, and beat his wife on account of their support of the opposing National Democratic Party. In concluding that this claim was not credible, the agency reasonably relied on the inconsistency between Khatri's testimony that he had reviewed his written statement with someone at his attorney's office and knew its contents and his later allegation that he did not know the contents, a contradiction between Khatri's written statement and some of his testimony regarding whether he had any personal interaction with the Maoists before he was kidnapped, and a contradiction between his testimony and a police letter regarding the date his wife was assaulted. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Khatri waived any challenge to the first ground by not addressing it in his appellate brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (issues not argued in briefs are waived). As to the second, Khatri's written statement and his testimony on cross-examination were inconsistent as to whether Maoists threatened him directly a few months prior to his kidnapping, or whether the kidnapping

4

was their first direct interaction with Maoists and earlier threats were directed to his father.  Contrary to Khatri's argument, confusion resulting from differing calendars could not resolve this discrepancy because it concerned whether the kidnapping was Khatri's first or second interaction with the Maoists, not the dates of those interactions.  The agency was not required to accept Khatri's explanation that the inconsistencies occurred because he was describing traumatic events that occurred more than a decade earlier, particularly as he had provided a specific description including dates in his written statement.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Khatri also testified that his wife was assaulted on a different date than the date reflected on a police letter regarding that assault.  The IJ was not required to accept Khatri's explanation that the letter was mistaken as he submitted it to corroborate his claim.  *Id.; see also Siewe*

5

*v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact."(internal quotation marks omitted)).

These inconsistencies call into question Khatri's and his wife's interactions with the Maoists, and thus constitute substantial evidence for the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The agency properly concluded that this determination was dispositive of asylum, withholding of removal, and CAT relief, because all three of Khatri's claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Under these circumstances, the agency was not required to explicitly discuss the background evidence of conditions in Nepal, or separately analyze Khatri's CAT claim. *See id.; see also Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (holding

6

that where the agency gives "reasoned consideration to the petition, and ma[kes] adequate findings," it is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quotation marks omitted)).  Moreover, Khatri does not cite any country conditions evidence to support his CAT claim.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court